# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00300-MR-DLH

| | |
|---|---|
| KARL HENRIK SUNDBERG, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| LISA MICHELLE BAILEY, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Emergency Motion to Stay State Court Custody-Only Proceedings [Doc. 9].

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Petitioner Karl Henrik Sundberg ("Petitioner") initiated this action against Lisa Michelle Bailey ("Respondent") on November 1, 2017, by filing a Verified Petition pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670, 19 I.L.M. 1501 ("the Hague Convention") and the provisions of the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601-11610 ("ICARA"), seeking the return of the Parties' four-year-old daughter, L.P.B.S. ("Minor Child") to Sweden. [Verified Petition, Doc. 1].

According to the Verified Petition, the Petitioner and the Respondent (collectively, "the Parties") were married on June 29, 2013, in Sweden. [Id. at ¶ 11]. They were divorced on August 13, 2015, in Uppsala, Sweden. [Id. at ¶ 12]. Attached to the Verified Petition is a copy of a Judgment from a Swedish District Court, entered on August 13, 2015, granting the Parties a divorce and stating that the Parties "still share custody of" the Minor Child. [Divorce Judgment, Doc. 1-5 at 2].

In August 2016, the Parties entered into a written agreement pursuant to which the Respondent brought the Minor Child to the United States in order "to spend several months." [Parties' Agreement, Doc. 1-7 at 2]. The Agreement further provides that [i]n May 2017, [the Parties] will determine a future agreement about [the Respondent and the Minor Child's] residence and a plan for continuing shared custody of [the Minor Child]." [Id.].

The Respondent, by and through counsel, filed a civil complaint for child custody against the Petitioner in the Buncombe County District Court on April 19, 2017. [See Bailey v. Sundberg, No. 17-CVD-1829, Temporary Emergency Custody Order entered Nov. 15, 2016, Doc. 9-1 at 1]. The Petitioner has not filed an answer in the state court case, and has not made an appearance at any hearing in that case, due to his legal contention that

the Minor Child has been wrongfully retained by the Respondent in North Carolina, since May 2017.

The Petitioner sought to vindicate his rights under the Hague Convention by initiating the diplomatic process through the relevant Central Authorities that are part of the Convention's structure. On or around July 6 2017, the state court judge presiding over the Respondent's custody action received a letter from the U.S. Department of State's Office of Children's Issues ("State Department Letter"), advising that the Petitioner had filed an application seeking the return of the Minor Child to Sweden under the Hague Convention and that the application was still pending. [State Dep't Letter dated July 6, 2017, Doc. 1-12]. The State Department Letter was filed in the state court custody case (filed-stamped date illegible). [Id.]. The Respondent was copied on this letter. [Id. at 2].

The State Department sent another letter to the Respondent on July 21, 2017, requesting that the Respondent voluntarily return the child to Sweden in order to settle the custody issue and setting a deadline of August 4, 2017 to respond. The letter further advised that if she did not respond, the Petitioner might initiate judicial proceedings to determine a return of the minor child. [State Dep't Letter dated July 21, 2017, Doc. 1-13]. No voluntary return

occurred, leading the Petitioner to pursue his judicial remedies under the Hague Convention.

The Petitioner served the Respondent with a summons and a copy of the Verified Petition on November 11, 2017, via Federal Express. [See Affidavit of Service, Doc. 5]. On November 14, 2017, a deputy from the Buncombe County Sheriff's Office served a summons and a copy of the Verified Petition on the Respondent at her home address in Asheville by leaving the documents with the Respondent's adult housemate. [See Executed Summons, Doc. 6].

On November 15, 2017, as the Petitioner was on his way to North Carolina for a visit with the Minor Child, and unbeknownst to him, the state court issued a "Temporary Emergency Custody Order," which purports to award sole legal and physical custody of the Minor Child to the Respondent Mother and to restrict the Petitioner's visitation rights to supervised visits lasting only a few hours at a time. [Temporary Emergency Custody Order entered Nov. 15, 2016, Doc. 9-1].

The Petitioner now moves for an emergency order to stay the state court custody proceedings initiated by the Respondent and for a declaration that the state court's Temporary Emergency Custody Order is void and of no legal effect. [Doc. 9].

## II. DISCUSSION

ICARA provides, in pertinent part, that "[a]ny person seeking to initiate judicial proceedings under the [Hague] Convention for the return of a child ... may do so by commencing a civil action by filing a petition for the relief sought in any court which has jurisdiction of such action . . . ." 22 U.S.C. § 9003(b). State courts and United States district courts have concurrent jurisdiction of cases arising under the Hague Convention. 22 U.S.C. § 9003(a). Here, the Petitioner chose to file his petition in the federal court system. Although the state custody proceeding initiated by the Respondent was pending at the time of the commencement of the Petitioner's action in this Court, it does not appear that any issue has been raised before the state court regarding the return of the Minor Child under the Hague Convention. As such, this Court has the exclusive jurisdiction to determine the merits of the Verified Petition. See Friedrich v. Thompson, No. 1:99CV00772, 1999 WL 33954819, at *3-4 (M.D.N.C. Nov. 26, 1999) (finding that federal court had exclusive jurisdiction over wrongful removal of child despite ongoing child custody action in state court).

Article 16 of the Hague Convention provides, in pertinent part, as follows:

> After receiving notice of a wrongful removal or retention of a child . . . , the judicial or administrative

5

>authorities of the Contracting State to which the child has been removed or in which it has been retained shall not decide on the merits of rights of custody until it has been determined that the child is not to be returned under this Convention or unless an application under this Convention is not lodged within a reasonable time following receipt of the notice.

Hague Convention, art.16, T.I.A.S. No. 11,670, at 5, 19 I.L.M. at 1503. Thus, the Convention requires that the merits of any ongoing custody dispute be stayed pending the outcome of the application for return. Here, the state court received notice of the Petitioner's claim that the Minor Child was wrongfully retained by the July 6, 2017, State Department Letter directed to the state court. [See State Dep't Letter, Doc. 1-12]. The state court was also aware at the time of the entry of the Temporary Emergency Custody Order that the Petitioner had initiated judicial proceedings under the Hague Convention and ICARA against the Respondent, as evidenced by the fact that the state court judge referenced the ongoing federal proceeding in her order. [Temporary Emergency Custody Order, Doc. 9-1 at 3 ¶ 9]. Having received notice of the Petitioner's claim of wrongful removal and the proceedings undertaken pursuant to the Hague Convention, the state court lacked authority to enter an order affecting the parties' "rights of custody"

within the meaning of Article 16.[1]  Accordingly, the Court concludes that the state court's Temporary Emergency Custody Order awarding the Respondent sole legal custody is void and is of no effect, as required by Article 16.

The Parties shall continue to exercise their rights of custody as determined by the courts of Sweden pending the final determination of the Petitioner's application for return.  See Miller v. Miller,  240 F.3d 392, 398 (4th Cir. 2001) (noting that "the primary purpose of the Hague Convention is 'to preserve the *status quo* and to deter parents from crossing international boundaries in search of a more sympathetic court.'") (quoting Friedrich v. Friedrich, 983 F.2d 1396, 1400 (6th Cir. 1993)).  Either party may petition this Court for such interim measures, as appropriate, to protect the well-being of the Minor Child or to prevent the Minor Child's further removal or concealment pending the final disposition of the Petition pending before this Court.  See 22 U.S.C. § 9004(a).

---

[1] Under Article 16, the only exception to the prohibition on rendering a custody determination is when "an application under this Convention is not lodged within a reasonable time following receipt of the notice."  Id.  The state court in the present case, however, made no findings regarding the timeliness or untimeliness of the Petitioner's petition, and therefore, this exception does not appear to be applicable.

7

# **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Emergency Motion [Doc. 9] is **GRANTED**, and the action now pending before the District Court Division of the General Court of Justice, State of North Carolina, County of Buncombe, captioned <u>Lisa M. Bailey v. Karl H. Sundberg</u>, File No. 17-CVD-1829, regarding the Minor Child L.P.B.S., is hereby **STAYED** pending the determination of the instant action. In accordance with this Order, the above-referenced State Court is not to hold any further hearings regarding custody of the Minor Child until the instant action is resolved. More particularly, the State Court shall not hold the hearing presently scheduled for December 11, 2017.

**IT IS FURTHER ORDERED** that the Temporary Emergency Custody Order, issued by the Buncombe County District Court on November 15, 2017, is void and has no legal effect. Consequently, the *status quo ante* regarding the Parties' custody rights is hereby restored, to wit: Lisa M. Bailey and Karl H. Sundberg share joint custodial rights over the Minor Child, L.P.B.S. Either party may petition this Court for such interim measures, as appropriate, to protect the well-being of the Minor Child or to prevent the Minor Child's further removal or concealment pending the final disposition of the Petition pending before this Court.

**IT IS FURTHER ORDERED** that the Clerk is directed to forward a copy of this Order to the Clerk of Superior Court of Buncombe County, North Carolina for filing in the Court File of <u>Lisa M. Bailey v. Karl H. Sundberg</u>, File No. 17-CVD-1829.

**IT IS SO ORDERED.**

Signed: November 28, 2017

Martin Reidinger
United States District Judge