# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00300-MR-DLH

| | |
|---|---|
| KARL HENRIK SUNDBERG, ) ) Petitioner, ) ) vs. ) ) LISA MICHELLE BAILEY, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Second Application for Award of Expenses [Doc. 39], filed May 6, 2019, under the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670, 19 I.L.M. 1501, 51 Fed. Reg. 10494 (1986) (hereinafter, "Hague Convention") and the International Child Abduction Remedies Act, 22 U.S.C. § 9001 et seq. (formerly 42 U.S.C. § 11601 et seq.) (hereinafter, "ICARA").

**I.    PROCEDURAL BACKGROUND**

The Petitioner Karl Henrik Sundberg ("Petitioner") commenced this action on November 1, 2017, against the Respondent Lisa Michelle Bailey ("Respondent"), seeking the return of the parties' child to Sweden. [Doc. 1]. On December 29, 2017, the Court entered an Order for the return of the Child

to Sweden in accordance with the terms of the Hague Convention. [Doc. 20]. The Petitioner then moved for an award of expenses under the Convention and ICARA, 22 U.S.C. § 9007(b)(3). [Doc. 25]. On March 8, 2018, the Court ordered an award to the Petitioner of all the claimed fees and expenses. [Doc. 28]. The Respondent separately appealed the substantive Order on Return [Doc. 20] and the Order on Expenses [Doc. 28], but they were consolidated on appeal. The Fourth Circuit affirmed both Orders on appeal. [Doc. 37]. The Fourth Circuit issued its mandate on April 22, 2019. [Doc. 38].

The Petitioner now moves for a second award of expenses under ICARA for costs related to the Respondent's unsuccessful appeal. [Doc. 39]. The Respondent has not responded to the Petitioner's application, and the time for such response has now passed.

## II. STANDARD OF REVIEW

The Hague Convention provides that "[u]pon ordering the return of a child or issuing an order concerning rights of access under this Convention, the judicial or administrative authorities may, where appropriate, direct the person who removed or retained the child . . . to pay necessary expenses incurred by . . . the applicant, including travel expenses, any costs incurred or payments made for locating the child, the costs of legal representation of

the applicant, and those of returning the child." Hague Convention, art. 26. ICARA provides as follows:

> Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

22 U.S.C. § 9007(b)(3). An award of expenses under the Convention and ICARA serves two primary purposes: "(1) to restore the applicant to the financial position he or she would have been in had there been no removal or retention and (2) to deter such removal or retention." Neves v. Neves, 637 F. Supp. 2d 322, 339 (W.D.N.C. 2009) (citation and internal quotation marks omitted).

"Although Article 26 of the Hague Convention provides that a court 'may' award 'necessary expenses' to a prevailing petitioner, [§ 9007(b)(3)] shifts the burden onto a losing respondent in a return action to show why an award of 'necessary expenses' would be 'clearly inappropriate.'" Ozaltin v. Ozaltin, 708 F.3d 355, 375 (2d Cir. 2013). This burden shifting "retains the equitable nature of cost awards, so that a prevailing petitioner's presumptive entitlement to an award of expenses is subject to the application of equitable

3

principles by the district court." Souratgar v. Lee Jen Fair, 818 F.3d 72, 79 (2d Cir. 2016) (citation and internal quotation marks omitted). Ultimately, the award of expenses under the Hague Convention and ICARA is a matter within the Court's discretion. Ozaltin, 708 F.3d at 374-75.

## III. DISCUSSION

The only expenses in the instant Application for Fees relate to legal fees and litigation costs.[1] As before, the Respondent makes no objections to these categories of expenses. The Court has reviewed Petitioner's claimed legal fees [see Attorney's Affidavit, Doc. 39-1] and finds that they are reasonable based on the nature of the litigation and representation, the experience and qualifications of the attorney, the amount of time spent on this matter, and comparable rates for legal services with which this Court is familiar. The legal fees charged for litigating the appeal totaled $11,720.00. The other litigation costs totaled $546.50.[2] Accordingly, the "necessary expenses" incurred by or on behalf of the Petitioner relating to the appeal total $12,266.50.

---

[1] The Petitioner himself did not incur any direct expenses during the appeal, as he did not need to travel to the United States and the Minor Child was already back in Sweden during this timeframe.

[2] Those expenses include the cost of copies of the transcripts; the costs the Petitioner's attorneys incurred traveling to Richmond, Virginia, for oral arguments before the Fourth Circuit Court of Appeals (including lodging and mileage, but excluding food and other incidentals); and other administrative expenses.

4

Although the Respondent has not made any timely objection to the instant motion, the Court has considered whether any of the Respondent's prior arguments would provide a rationale for finding an award of all the necessary expenses to be "clearly inappropriate." Namely, the Respondent claimed that her prior actions were in good faith, and that the financial burdens would be too great. In the prior Order awarding fees, this Court found, in relevant part, that neither the Respondent's claimed "good faith" nor the financial burdens would render the Award of Expenses "clearly inappropriate." As noted, the Fourth Circuit affirmed this Order in its entirety.

The claimed expenses are the direct result of the Respondent's decision to initiate and litigate an appeal and thus are "necessary expenses." Because the Respondent has not presented any additional evidence to show that the present circumstances are substantially different than they were at the time of the prior award of fees, the Respondent has not shown that a further award of fees would be "clearly inappropriate." Accordingly, the Petitioner's application for an award of expenses incurred on appeal is granted.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Second Application for Award of Expenses [Doc. 39] is **GRANTED**, and the Petitioner is hereby awarded the sum of $12,266.50 for necessary expenses arising out of these proceedings.

**IT IS SO ORDERED.**

Signed: June 19, 2019

Martin Reidinger
United States District Judge